**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT of TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **SEAN DEVON CLARK, TDCJ # 1119999,** | § | |
| | § | |
| **Petitioner** | § | |
| | § | |
| **v.** | § | **Civil Action** |
| | § | **No. SA-8-CA-109-NSN** |
| **NATHANIEL A. QUARTERMAN,** | § | |
| **Texas Department of Criminal Justice** | § | |
| **Institutional Division Director,** | § | |
| | § | |
| **Respondent** | § | |

# MEMORANDUM DECISION

Before the Court is Petitioner Sean Devon Clark's 28 U.S.C. § 2254 Habeas Corpus Petition

(Docket Entry # 1) and Respondent's Answer seeking dismissal of the Petition (Docket Entry # 13)

which this Court construes as a motion to dismiss.  This Memorandum Decision is entered pursuant

to 28 U.S.C. § 636(c) and the consent of the parties.  (*See* Docket Entries ## 7, 9, 10.)

Petitioner Clark's § 2254 Petition challenges his 2002 Bexar County murder conviction in

*State v. Clark*, No. 2001-CR-6202 (Tex. 144th Jud. Dist. Ct., *jmt. entered* July 18, 2002).  His

conviction was affirmed.  *Clark v. State*, No. 4-2-551-CR (Tex. 4th Ct. Apps., Aug. 18, 2004).  The

Texas Court of Criminal Appeals refused his petition for discretionary review on February 2, 2005.

Petitioner's State habeas corpus application filed November 18, 2005, was denied March 7, 2007.

*Ex parte Clark*, No. 65,413-1.  Petitioner's § 2254 Petition, filed February 7, 2008, contends he was

denied a fair trial by a biased and prejudiced jury, the trial court erred refusing the defense's

requested jury instructions, and his counsel was ineffective.

Respondent moves for dismissal of Petitioner's Petition contending it is barred by the one-year

limitation period of 28 U.S.C. § 2244(d) which provides in relevant part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . .

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final May 3, 2005, ninety days after the Texas Court of Criminal Appeals refused his petition for discretionary review and when the time for filing a petition for writ of certiorari to the U.S. Supreme Court expired. *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F. 3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review"). There was an approximate thirty-two month interval between the time his conviction became final and the filing of his federal Petition on February 7, 2008. Even excluding the approximately fifteen months and three weeks his State habeas application was pending, his federal Petition was filed more than sixteen months after his conviction became final. Therefore, Clark's federal Petition is barred by limitations. *See* 28 U.S.C. § 2244(d)(1)(D).

Petitioner contends his untimely federal petition should be excused because he did not receive notice of the Texas Court of Criminal Appeal's February 28, 2007 denial of his State habeas corpus application until January 30, 2008 after he inquired about the status of his case. "[E]quitable tolling" applies only in exceptional circumstances, such as "'where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his

rights.'"  *Coleman v. Johnson*, 184 F. 3d 398, 402 (5th Cir. 1999) (prior citation omitted), *cert. denied*, 529 U.S. 1057 (2000).  The record shows Clark was assigned to the TDCJ Beto I Unit when he filed his State habeas corpus application.  *See Ex parte Clark*, No. 65,413-1 at 1, 199-200.  The record also shows on October 18, 2006 Clark was transferred to the TDCJ Smith Unit, where Clark is currently in custody, but he failed to send the Texas Court of Criminal Appeals a change of address notice, and thus his failure to receive notice of the denial of his State habeas corpus application was his own fault and does not excuse his untimely federal Petition.  (*See* Docket Entry # 13 Exs. A & H.)

Clark argues his failure to notify the Court of Criminal Appeals of his change of address should be excused because he was "in transit" and subject to frequent moves, and while in transit he did not have access to his legal materials.  The record shows that after his October 18, 2006 transfer to the Smith Unit, Clark was briefly absent from the Smith Unit for medical attention; these absences occurred on March 12 through March 15, 2007, May 24 through May 29, 2007, and June 15 through June 20, 2007.  (*See* Docket Entry # 13 Ex. A .)  Clark fails to explain why these brief absences from the Smith Unit should excuse him from failing to monitor his State application or failing to notifying the Court of Criminal Appeals of his transfer to the Smith Unit.

Clark also claims TDCJ was at fault for not forwarding his mail to him at the Smith Unit.  The Fifth Circuit rejected an identical argument in *Cox v. Johnson*, 2001 WL 822587 (5th Cir., No. 00-41079, June 25, 2001), ruling where the prisoner failed to keep the Texas courts apprised of his current address "[the prisoner] was responsible for the misdirection of the mail by the Court of Criminal Appeals."  Petitioner failed to demonstrate he was "actively misled by the defendant about

the cause of action" or was "prevented in some extraordinary way from asserting his rights," and thus failed to present grounds for equitable tolling. *See Coleman v. Johnson*, 184 F. 3d at 402.

Petitioner does not allege newly discovered facts that could not have been previously discovered with the exercise of due diligence and fails to assert any other basis for excusing his failure to timely file his federal Petition. "[L]ack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" do not justify equitable tolling. *Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991). Petitioner's federal Petition is barred by § 2244(d).

In any event, Clark's Petition is without merit. A review of the State court's decisions in *Clark v. State*, No. 4-2-551-CR, and *Ex parte Clark*, No. WR-65,413-1 at 318-19, show Clark's claims are either procedurally barred, without legal merit, refuted by the record, or are conclusory. The State court's denial of Clark's claims is reasonably supported by the record and is consistent with federal law as required by § 2254(d), and therefore this Court is compelled to reach the same conclusion that Clark's federal Petition is without legal or factual merit and must be denied.

Accordingly, Respondent's motion to dismiss (Docket Entry # 13) is **GRANTED**, Petitioner Clark's Habeas Corpus Petition (Docket Entry # 1) is **DENIED**, and this case is **DISMISSED.** All other pending motions are **DENIED** as moot.

        **SIGNED on June 26, 2008.**

_____
**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**